■ AUGUSTIN J. SAN FILIPPO, as Trustee under a Trust Agreement for the Benefit of JOHN F. DODGE, Plaintiff, and JOHN F. DODGE et al., Appellants, v MARINE MIDLAND BANK, Respondent, et al., Defendants. — Order of the Supreme Court, New York County (Blyn, J.), entered April 15, 1982, denying a

motion to reargue and renew a previous order of the court dated March 15, 1982, which had granted the motion of the defendant Marine Midland Bank to dismiss a complaint dated September 30, 1981 and which had denied a motion of Weiden & Crosswell, Esqs., to be substituted as attorneys for plaintiff Douglass E. Wendel, modified, on the law and on the facts, without costs, to the extent of granting renewal and granting the motion of Weiden & Crosswell to be substituted as attorneys for Douglass E. Wendel, and otherwise affirmed. Appeal from the order of the Supreme Court, New York County (Blyn, J.), dated March 15, 1982, dismissed as superseded. The plaintiff, San Filippo, commenced this action in 1978 alleging in substance that Marine Midland Bank (Marine), which had been designated under an agency agreement as the custodian of trust property, had almost completely depleted, through various violations of its obligations, a trust fund originally valued at some $4,000,000. San Filippo sued in his capacity as one of three trustees under a trust established by John Francis Dodge, in which Dodge was both the settlor and the beneficiary. The other trustees were the settlor's mother, Dora D. Moran, and the settlor's late stepfather, Daniel D. Moran. A motion by Marine to dismiss the complaint was granted in April, 1979 (Stecher, J.), only to the extent of directing that the settlor beneficiary, John F. Dodge, be joined as a plaintiff if he chose, but otherwise as a defendant, and that the surviving cotrustee also be joined. Following this order, San Filippo served an amended complaint identical in all essential respects to the original complaint, naming in addition to Marine as defendants Dodge's mother, Dora D. Moran, the estate of his stepfather by his representative Douglass E. Wendel, and John F. Dodge. Dodge having been adjudicated a bankrupt in Florida court proceedings (as were his mother and stepfather) the amended complaint named Douglass E. Wendel, in his capacity as trustee in bankruptcy for the estate of John F. Dodge, as plaintiff. After Dodge's discharge in bankruptcy in May, 1980, the firm of Weiden & Crosswell moved to quash service of process on him as a defendant and to substitute Dodge as a plaintiff in lieu of Wendel, the trustee in bankruptcy. Wendel, through his then attorneys Zane & Teitler, opposed the motion alleging the substitution to be without legal foundation, although observing that Wendel had become a party in this action involuntarily. The motion to substitute Dodge as plaintiff for the trustee in bankruptcy was denied in an order dated November 26, 1980 (Alexander, J.), which concluded, citing appropriate authority, that the filing of the petition in bankruptcy vested in the trustees causes of action belonging to the debtor as of that date, and that Dodge's discharge in bankruptcy did not affect that controlling principle. On October 7, 1981 Weiden & Crosswell served a verified complaint on Marine's counsel dated September 30, 1981, describing themselves as attorneys for John F. Dodge and Douglass E. Wendel, and naming those two as plaintiffs, and naming Marine and Dora D. Moran as defendants. Annexed to the complaint was an order of the Bankruptcy Judge authorizing the trustee to relieve Zane & Teitler as attorneys in the litigation and to retain in place of that firm Weiden & Crosswell. Marine moved to dismiss this complaint on varied grounds. Weiden & Crosswell cross-moved to be substituted as attorney of record, failing, however, to establish compliance for such substitution with the requirements of CPLR 321 (subd [b]). In an order dated March 15, 1982, Special Term granted the motion to dismiss the September, 1981 complaint and denied the motion to substitute Weiden & Crosswell on the essential finding that the firm already represented Dodge as a defendant in the pending action, and that it would present a conflict for them to represent Wendel as plaintiff in the same action. In a motion which Special Term deemed one for reargument and renewal, Weiden & Crosswell filed a duly subscribed stipulation substituting it for Zane & Teitler as attorney for the trustee. The court

denied the motion, observing that the stipulation did not alter its previous view that representation by one firm of the trustee and Dodge was precluded by a potential conflict of interest. Although appreciating the concerns that led Special Term to deny the motion for substitution, we are persuaded that the underlying realities of this litigation make it both expedient and proper to grant the motion to substitute, and accordingly modify Special Term's order to that extent. The central fact which emerges from a study of the record is that John F. Dodge is the person with the principal interest in the prosecution of this litigation. It appears to be undisputed that the debts to which any recovery in this action might be applied in connection with the bankruptcy proceeding are minimal in relationship to the recovery sought in the action. Indeed, it is clear from an examination of the record that both the trustee in bankruptcy and his previous counsel, although prepared to discharge their obligations to the estate of the bankrupt in connection with this lawsuit, entertained reservations as to whether the potential recovery to the creditors of the bankrupt's estate in this litigation would justify the time and expense that this complicated litigation would necessarily require them to incur. It was clearly this consideration that led the trustee to recommend to the Bankruptcy Judge, and for the Judge to agree, that the most prudent action in terms of the bankrupt's estate was to permit the attorneys for John F. Dodge to assume active responsibility as counsel for a litigation in which Dodge had by far the dominant interest. Dodge's present status as a nominal defendant does not seem to us an impediment to what appears to be the most clearly sensible resolution of the procedural problem that has been presented. Indeed, it would appear consistent with the original intent of Judge Stecher's order directing that Dodge be joined in this litigation if, upon an appropriate application, his status was changed to reflect the obvious realities of a lawsuit in which in fact he is the plaintiff. And although we see no basis in the present record for disturbing Special Term's dismissal of the September, 1981 complaint, we do so without prejudice to an application to serve a separate, more appropriately structured and worded complaint on behalf of the trustee or on behalf of both the trustee and Dodge. Concur — Sandler, J. P., Bloom, Fein and Milonas, JJ.